MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

DINA MARISOL ROMERO RAMIREZ,           **COMPLAINT**
*individually and on behalf of others similarly*
*situated,*

                                    **COLLECTIVE ACTION UNDER**
                    *Plaintiff,*            **29 U.S.C. § 216(b)**

               -against-                            **ECF Case**

CHRISTOPHER BALDWIN and ROSARIO
BALDWIN,

                     *Defendants.*
-------------------------------------------------------X

       Plaintiff Dina Marisol Romero Ramirez ("Plaintiff Romero" or "Ms. Romero"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against, Christopher Baldwin and Rosario Baldwin, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.      Plaintiff Romero is a former employee of Defendants Christopher Baldwin and Rosario Baldwin.

       2.      Defendants reside in a private home located at 11 E 87th Street, Apt. 12F, New York, NY 10128.

       3.      Upon information and belief, individual Defendants Christopher Baldwin and Rosario Baldwin, own the residence located at 11 E 87th Street, Apt. 12F, New York, NY 10128.

4.      Plaintiff Romero was employed as a housekeeper at the private residence located at 11 E 87th Street, Apt. 12F, New York, NY 10128.

5.      At all times relevant to this Complaint, Plaintiff Romero worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hour's compensation for the hours that she worked.

6.      Rather, Defendants failed to pay Plaintiff Romero appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Romero the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Romero to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Romero and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.      Plaintiff Romero now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.      Plaintiff Romero seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question)

and the FLSA, and supplemental jurisdiction over Plaintiff Romero's state law claims under 28

U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a

substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate their residence located in this district. Further, Plaintiff Romero was employed by

Defendants in this district.

## PARTIES

### *Plaintiff*

14.     Plaintiff Dina Marisol Romero Ramirez ("Plaintiff Romero" or "Ms. Romero") is

an adult individual residing in Middlesex County, New Jersey.

15.     Plaintiff Romero was employed by Defendants at the Baldwin Family residence

from approximately April 23, 2003 until on or about February 5, 2020.

16.     Plaintiff Romero consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b),

and brings these claims based upon the allegations herein as a representative party of a prospective

class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17.     At all relevant times, Defendants are the owners of the residence located at 11 E 87th

Street, Apt. 12F, New York, NY 10128.

18.     Defendant Christopher Baldwin is Vice President of Wealth Management for Merrill

Lynch & Co. Inc.

19.     Defendant Christopher Baldwin was regularly present in his Manhattan Residence, where Plaintiff Romero worked, and oversaw their daily duties and assignments.

20.     He determines the wages and compensation of the employees of Defendants, including Plaintiff Romero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Rosario Baldwin is the wife of Defendant Christopher Baldwin.

22.     Defendant Rosario Baldwin was regularly present in her Manhattan residence, where Plaintiff Romero worked, and oversaw her daily duties and assignments.

23.     She determines the wages and compensation of the employees of Defendants, including Plaintiff Romero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants operate a residence located in the Upper East Side section of Manhattan in New York City.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Romero's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Romero, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Romero (and all similarly situated employees) and are Plaintiff Romero's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

- 4 -

28.    In the alternative, Defendants constitute a single employer of Plaintiff Romero and/or similarly situated individuals.

29.    At all relevant times, Defendants were Plaintiff Romero's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Romero, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Romero's services.

30.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the residence on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.    Plaintiff Romero is a former employee of Defendants who was employed as a housekeeper.

32.    Plaintiff Romero seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Dina Marisol Romero Ramirez*

33.    Plaintiff Romero was employed by Defendants from approximately April 23, 2003 until on or about February 5, 2020.

34.    Defendants employed Plaintiff Romero as a housekeeper.

35.    Plaintiff Romero regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.    Plaintiff Romero's work duties required neither discretion nor independent judgment.

37.    Throughout her employment with Defendants, Plaintiff Romero regularly worked in excess of 40 hours per week.

38.    From approximately June 2014 until December 31, 2017, Plaintiff Romero worked from approximately 7:30 a.m. until on or about 6:00 p.m., Mondays through Fridays (typically 52.5 hours per week).

39.    From approximately January 1, 2018 until on or about February 5, 2020, Plaintiff Romero worked from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Fridays (typically 50 hours per week).

40.    Throughout her employment, Defendants paid Plaintiff Romero her wages in cash.

41.    Throughout her entire employment, Defendants paid Plaintiff Romero a fixed salary of $950 per week.

42.    Plaintiff Romero's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

43.    For example, Defendants required Plaintiff Romero to work an additional 15 to 20 minutes past her scheduled departure time one day a week, and did not pay her for the additional time she worked.

44.    Defendants never granted Plaintiff Romero any breaks or meal periods of any kind.

45.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Romero regarding overtime and wages under the FLSA and NYLL.

46.    Defendants did not provide Plaintiff Romero an accurate statement of wages, as required by NYLL 195(3).

47.    Defendants did not give any notice to Plaintiff Romero, in English and in Spanish (Plaintiff Romero's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

48.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Romero (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate spread of hours pay and overtime compensation as required by federal and state laws.

49.     Plaintiff Romero was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

50.     Defendants habitually required Plaintiff Romero to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

51.     Defendants paid Plaintiff Romero her wages in cash.

52.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Romero (and similarly situated individuals) worked, and to avoid paying Plaintiff Romero properly for her full hours worked.

54.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Romero and other similarly situated former workers.

56.     Defendants failed to provide Plaintiff  Romero  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57.     Defendants failed to provide Plaintiff Romero and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

58.      Plaintiff Romero brings her FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59.     At all relevant times, Plaintiff Romero and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

60.     The claims of Plaintiff Romero stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61.     Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

62.     At all times relevant to this action, Defendants were Plaintiff Romero's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Romero (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

63.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

65.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Romero (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66.     Defendants' failure to pay Plaintiff Romero (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67.     Plaintiff Romero (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

**OF THE NEW YORK STATE LABOR LAW**

68.      Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

69.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Romero  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70.      Defendants' failure to pay Plaintiff Romero overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

71.      Plaintiff Romero was damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

72.      Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

73.      Defendants failed to pay Plaintiff Romero one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Romero's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

74.      Defendants' failure to pay Plaintiff Romero an additional hour's pay for each day Plaintiff Romero's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

75.      Plaintiff Romero was damaged in an amount to be determined at trial.

<u>**FOURTH CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

## REQUIREMENTS OF THE NEW YORK LABOR LAW

76.    Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

77.    Defendants failed to provide Plaintiff Romero with a written notice, in English and in Spanish (Plaintiff Romero 's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

78.    Defendants are liable to Plaintiff Romero in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

79.    Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

80.    With each payment of wages, Defendants failed to provide Plaintiff Romero  with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

81.    Defendants are liable to Plaintiff Romero in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Romero respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Romero  and the FLSA Class members;

(c)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Romero  and the FLSA Class members;

(d)    Awarding Plaintiff Romero  and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)    Awarding Plaintiff Romero  and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Romero ;

(g)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Romero ;

(h)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Romero ;

(i)      Awarding Plaintiff Romero  damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(j)      Awarding Plaintiff Romero  liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k)      Awarding Plaintiff Romero  and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(l)       Awarding Plaintiff Romero  and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(m)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Romero demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

   June 29, 2020

                                MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:        /s/ Michael Faillace
                                Michael Faillace [MF-8436]
                                60 East 42nd Street, Suite 4510
                                New York, New York 10165
                                Telephone: (212) 317-1200
                                Facsimile: (212) 317-1620
                                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 6, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Dina Marisol Romero Ramirez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              6 de marzo 2020

*Certified as a minority-owned business in the State of New York*